## Tracz v. Blasic

*Kaminsky & Kelly*, for plaintiff.

*Llewellyn E. Lloyd* and *DiFrancesco & DiFrancesco*, for defendants.

SHETTIG, J., December 9, 1963.—This action is before the court on an amended complaint of Pauline Tracz, plaintiff, wherein she asked for certain equitable relief against defendants John Blasic and The Most Reverend J. Carroll McCormick, Bishop of the Diocese of Altoona-Johnstown, Trustee for Assumption of the Blessed Virgin Mary Catholic Church. The amended complaint alleges that in the year 1943, Anthony J. Tracz and Pauline Tracz purchased a plot in the cemetery owned by defendant bishop as trustee, located in East Taylor Township, Cambria County, Pa., which said plot consisted of eight burial places; that defendant John Blasic is the owner of four burial lots in the same cemetery adjacent to plaintiffs' lots; that on February 20, 1963, Anthony J. Tracz, the husband of Pauline Tracz, plaintiff, died and was buried in the cemetery on a lot owned by the Tracz family, which lot already contained the bodies of three Tracz children, and on which there was not sufficient room to inter the body of Anthony J. Tracz; that after the burial of Anthony J. Tracz, Pauline Tracz learned that defendant John Blasic claimed four lots in which she claimed ownership, and that the parents of defendant John Blasic were buried in two of these lots, the other two being vacant. The complaint prayed for a mandatory injunction ordering and directing the defendant John Blasic and/or defendant, The Most Reverend J. Carroll McCormick, Bishop of the Diocese of Altoona-Johns-

town, Trustee for Assumption of the Blessed Virgin Mary Catholic Church, to remove the bodies of those members of the Blasic family which were improperly interred on burial lots owned by plaintiff; and, further, to issue an injunction enjoining the same defendants from interfering with the right of sepulture of plaintiff and her family in the lots purchased by plaintiff, as well as such other relief as might be appropriate.

An answer was filed to the amended complaint on behalf of defendant, The Most Reverend J. Carroll McCormick, Bishop of the Diocese of Altoona-Johnstown, Trustee for Assumption of the Blessed Virgin Mary Catholic Church, in which it was denied that plaintiff purchased her lot in 1943, and alleging to the contrary that this purchase was on January 6, 1945, with the final payment being made on March 4, 1963. Also, in the answer is raised the suggestion that the lots be divided in half so that plaintiff would have the remaining one half of the lot and the other one half would belong to the Blasic family, and in this manner, the removal of any bodies would not be required. After hearing, this matter is for decision.

In the beginning of the hearing, defendant John Blasic raised the question of jurisdiction of this court to determine the question of the burial of persons in the church cemetery, alleging that the burial of such persons in a church cemetery is within the rules and regulations and exclusive jurisdiction of the governing body of the church, and the courts cannot interfere with this exclusive jurisdiction. In support of this contention, defendant points to the case of Brnilovich v. St. George Independent Serbian Orthodox Church of Pittsburgh, 326 Pa. 218 (1937). In that case, plaintiff brought an action in mandamus compelling it to permit the burial of his daughter, five years of age, in the cemetery owned and operated by the church. The church had, prior thereto, refused his application to purchase burial

space and permission to bury his child. The lower court, in granting the writ, ordered the church to sell a burial space to petitioner upon the payment of the usual fee. Thereafter, the church appealed to the Supreme Court. This case turned on the point of whether or not a person who is not a member of the church could compel burial in the church cemetery of a member of his family. The Supreme Court said that it could not, and that the church organization had the power to limit the privilege of burial to its own members and to exclude all others. This case, then, pertained more to the proposition of purchase of a lot in the cemetery than to burial in wrong lots. Since we do not believe that this case controls the question of jurisdiction, and from other decisions that we have reviewed, where it is apparent that many cases involving the burial in church cemeteries have been reviewed by the courts, we do not see any merit to this exception. The decision in the Brnilovich case is consistent with the Act of April 26, 1855, P. L. 328, sec. 7, as amended, 10 PS §81, which provides that any real or personal property owned by any religious organization or society shall be taken and held subject to the control and disposition of such officers and authorities of such church who have the controlling power according to its rules, regulations and usages.

As part of the record, there was introduced a drawing prepared by Reverend Father Kurdziel, the present pastor of the Assumption of the Blessed Virgin Mary Catholic Church, showing a portion of the cemetery in question. This drawing shows at the top left the lot belonging to Stanislawczyk, and on the top right, a lot belonging to Michael Biss; immediately below the Stanislawczyk lot is a lot belonging to Tony Tracz, and below the Biss lot is shown another lot belonging to Tony Tracz; then below this second Tracz lot is a lot shown belonging to J. Blasczak. It developed later in the

testimony that Blasczak is the Polish spelling for Blasic.

Testimony showed that in the Tony Tracz lot on the left of the drawing, there were buried three small Tracz grandchildren, a daughter of plaintiff and her deceased husband, and a space reserved for the son-in-law, as evidenced by a large headstone. It was on this lot also that Anthony J. Tracz was buried in 1963. However, a portion of his grave is on the Stanislawczyk lot. It also developed from the testimony that at the extreme right of the Tony Tracz lot on the right side of the drawing are buried the parents of defendant John Blasic. This means, unquestionably, that Anthony J. Tracz is buried partially on a lot which does not belong to the Tracz family, and, in addition, that possibly Mr. and Mrs. John Blasic, Sr., are buried on a lot which does not belong to the Blasic family.

The main difficulty or controversy is that defendant John Blasic and his witnesses claim that his minor daughter, Marie Louise Blasic, who died June 23, 1942, is buried in the left upper portion of the Tony Tracz lot on the right of the drawing, and that this was done at the direction of the then pastor of the church, who showed him the spot at which to dig the grave. Defendant John Blasic now objects to the removal of this child from that lot, and plaintiff Pauline Tracz desires that the child be removed in order that her husband Anthony J. Tracz, may be moved to the left portion of the Tracz lot on the right of the drawing, so that there will then be sufficient room remaining on that lot for her to be buried alongside of her husband.

While we do not have the benefit of any testimony from a representative of the church involved, it is evident from the testimony that one of the pastors of the church in years gone by inadvertently pointed out the wrong lot to John Blasic in which he was to bury his daughter, Marie Louise, and thereafter, Mr. and Mrs. Blasic were buried on the same lot. Because of the

emotional involvement between plaintiff and defendants, they have been unable to agree to any equitable division of the Tracz lot on the right of the drawing and the Blasic lot immediately below it. It has been suggested by the church that these two lots be divided down the middle, with the Blasics taking the right hand portion of both lots. This would then give the Tracz family an L shaped lot and would give the Blasic family a rectangular lot alongside of the Tracz lot. The reason defendant John Blasic refuses to agree to this suggestion is his insistence that Marie Louise Blasic is buried in the front left hand portion of the Tracz lot, and that by moving Anthony J. Tracz to that portion of the lot would be burying the two bodies in the same location.

George J. Yesenosky, the gravedigger at the cemetery for the past eight or nine years, testified that in the spring of 1963, he dug in the location pointed out to him by defendant John Blasic on the lot known as the Tony Tracz lot on the right of the drawing, in the upper left hand corner of said lot, for the purpose of locating the burial of Marie Louise Blasic. Although he dug a number of test holes in that approximate location, he testified that he was unable to find any physical evidence of there having been anyone buried in that location. This witness also testified that after consulting with the pastor as to the location, that he dug the grave for Mary Blasic, the mother of the defendant who was buried on November 13, 1958, and for John J. Blasic, Sr., the father of the defendant who was buried on May 9, 1961.

Francis Tracz, the son of plaintiff Pauline Tracz, testified that his father was buried inadvertently a foot and a half over in the Stanislawczyk lot, and this was not discovered until later in a consultation between himself, plaintiff Pauline Tracz and the pastor of the church, Father Kurdziel. This witness also testified

that the Tracz family purchased the lots from the church in 1945, one of which was paid in full at that time, the one in which the children and the daughter were buried, as well as Anthony J. Tracz, and the second being paid in several payments, $10 in 1945, $20 in April, 1948, and $20 on March 4, 1963. This is verified by the records of the church.

Defendant John Blasic testified that in June, 1942, he and his father purchased a full lot from the church, each paying $25, and that after his child was buried in 1942, the pastor showed him where the lot boundaries were and he marked them with wooden stakes. This witness also testified that he buried his mother in 1958, and then his father in 1961, within the boundaries of the lot marked by the four stakes, and it was not until the spring of 1963 that any complaint was made, to his knowledge.

The court is of the opinion that the suggestion made by defendant, The Most Reverend J. Carroll McCormick, Bishop, that the Tony Tracz lot on the right of the drawing and the J. Blasczak lot also on the right of the drawing be divided so that the Tony Tracz lot is the left half of each of these lots and the Blasczak lot is composed of the right half of each of these lots, is the most equitable solution to this problem. This situation is before the court because of an unfortunate mistake having been made by the pastor of the Assumption Church in pointing out to the gravedigger the location of the Blasic lot so that Mary Blasic could be interred on November 13, 1958, and John J. Blasic, Sr., on May 9, 1961. There is also a possible mistake having been made by the pastor of the Assumption Church back in 1942, when he pointed out the location of the lot to defendant John Blasic so that he could inter his daughter, Marie Louise Blasic, who died on June 23, 1942. According to John Blasic's testimony, his daughter is interred in the upper left hand corner of the Tony Tracz

lot on the right of the drawing. However, after exploration by the custodian of the cemetery, no physical evidence was found. This leads to the conclusion that Marie Louise Blasic was in all probability buried on the lot known as J. Blasczak. If such is the case, the suggestion of defendant bishop cannot be followed, because Marie Louise Blasic will still be buried on the wrong lot.

At the time of the hearing, we requested that the court be furnished with photostatic copy of the church records showing the burials in the cemetery during the year 1942. These records indicate that only six persons were buried in the Assumption Church Cemetery during the year 1942, and that none of the persons buried could possibly have been the Blasic child.

The only practical solution to this problem is to divide the Tony Tracz lot on the right of the drawing and the J. Blasczak lot on the right of the drawing, as previously stated, and in the event a subsequent burial on the newly created portion of the Tony Tracz lot uncovers the burial of Marie Louise Blasic, that the Assumption Church be required to bear the expense of the removal and reburying of Marie Louise Blasic in the right hand portion of the Blasic lot. No other equitable division of these two lots can be made, and, accordingly, we enter the following

ORDER

And now, December 9, 1963, defendant, The Most Reverend J. Carroll McCormick, Bishop of the Diocese of Altoona-Johnstown, Trustee for Assumption of the Blessed Virgin Mary Catholic Church of Conemaugh, Pa., is directed to have the cemetery records of the Assumption Church in Conemaugh corrected so that the license to bury heretofore granted to Tony Tracz and Pauline Tracz shall be limited to the left hand portion of the lots of Tony Tracz and J. Blasczak shown on the right side of the church's drawing of the cemetery

lots, and the license to bury heretofore granted to John Blasic also be corrected to show his lot to consist now of the right hand portions of the Tony Tracz and J. Blasczak lots as shown on the right side of the Church's drawing of the cemetery lots.

It is further ordered and directed that in the event a subsequent burial discloses the proof of the interment of Marie Louise Blasic on any portion of the newly created Tony Tracz lot, that defendant, The Most Reverend J. Carroll McCormick, Bishop of the Diocese of Altoona-Johnstown, Trustee for Assumption of the Blessed Virgin Mary Catholic Church of Conemaugh, shall bear the full cost and expense for said removal and reburial in the proper lot.